UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HANSERD,

               Petitioner,                   Case No. 90-80594
                                              HON. GEORGE CARAM STEEH

vs.

UNITED STATES OF AMERICA,

               Respondent.

_____/

## ORDER DENYING PETITIONER'S RULE 35(a) MOTION
## TO CORRECT ALLEGEDLY ILLEGAL SENTENCE (Doc. 772)

On February 25, 2013, petitioner Edward Hanserd, a federal prisoner proceeding pro se, filed a motion to correct an allegedly illegal sentence from 1991 pursuant to former Federal Rule of Criminal Procedure 35(a). The government has filed a response opposing the motion on the grounds that Hanserd has not alleged that the sentence was illegal, as required under former Rule 35(a), but merely challenges the proceeding leading to his sentence. The government also has attached as an exhibit a copy of a letter that Hanserd sent to the Assistant United States Attorney involved in this matter threatening him with repercussions should he fail to agree to an order granting his Rule 35(a) motion. (Doc. 774). Hanserd claims the sentence imposed was invalid because the district court did not conduct a hearing to determine when his involvement in the conspiracy that he admitted to committing, in count one of the indictment, ended. The court granted several extensions of time to allow Hanserd to file a Reply. Hanserd has now done so, and the court has duly considered his Reply. The arguments Hanserd made in his Reply lack merit, and the authorities he relies upon therein are inapposite.

-1-

In 1991, Hanserd pleaded guilty to one count of conspiring to possess with the intent to distribute controlled substances and to two counts of using a firearm during a drug trafficking offense.  United States District  Judge Barbara K. Hackett sentenced him to 360 months of imprisonment for the conspiracy conviction and five years of imprisonment for each of the firearm offenses.   The Sixth Circuit affirmed his conviction on direct appeal. United States v. Hanserd, No. 91-1577, 1993 WL 428907, at *7 (6th Cir. Oct. 21, 1993). Since his conviction, Hanserd has filed four prior motions to vacate under 28 U.S.C. § 2255.   Three of those motions were denied, but another one was granted, and his convictions for using a firearm were vacated.  He also filed two prior motions to file second or successive § 2255 motions to vacate, which the Sixth Circuit denied.

Now, twenty-two years after his conviction, Hanserd has filed a Rule 35(a) motion to correct an allegedly illegal sentence.  Prior to November 1, 1987, Federal Rule of Criminal Procedure 35(a) provided that "[t]he court may correct an illegal sentence at any time."[1]  For purposes of this order, all references to Rule 35(a) shall be to the former rule. "This rule allowed a criminal convict to challenge the legality of his sentence at any time, but it did not permit collateral challenges to the trial, other proceedings or the conviction itself."  United States v. Tosh, 330 F.3d 836, 839 (6th Cir. 2003).  Hanserd was sentenced on May 9, 1991 for crimes spanning from 1984 to 1989.  Thus, it is not clear that the old version of Rule 35(a) even applies, or whether his motion is time-barred under the new

---

[1]United States v. Lika, 344 F.3d 150, 151 n.2 (2d Cir. 2003) (former Rule 35(a) applies to offenses occurring prior to November 1, 1987 pursuant to Sentencing Reform Act, Pub. L. No. 98-743, 98 Stat. 1987, 2015 (1984); Sentencing Reform Amendments Act of 1985, Pub. L. 99-217, 99 Stat. 1728)).

-2-

version of Rule 35(a).  For purposes of this order, however, the court has considered the Rule 35(a) motion to have been timely filed.

Hanserd pled guilty to count one of the indictment and admitted at the plea hearing that he was guilty of conspiring to distribute con trolled substances from 1984 until the date of his arrest in 1989.  Now, Hanserd claims that his participation in the conspiracy actually ended in early 1987 and thus, he should not have been sentenced under the federal sentencing guidelines which went into effect under the Sentencing Reform Act of 1984 on November 1, 1987.  This argument is not cognizable under Rule 35(a).  The Sixth Circuit, quoting the Supreme Court's decision in Hill v. United States, 368 U.S. 424, 430 (1962), has explained that the basis for a Rule 35(a) motion is extremely narrow and relief is only available where "[t]he punishment meted out was . . . in excess of that prescribed by the relevant statutes, multiple terms were . . . imposed for the same offense [or] . . . the terms of the sentence itself [were] legally or constitutionally invalid."  Tosh, 330 F.3d at 839.

Rule 35(a) is an improper vehicle for collateral challenges to the trial, other proceedings, or the conviction itself.  Id.  Rule 35(a) is properly invoked when "the only issue was whether the 'sentence imposed was illegal on its face.'"  Hill, 368 U.S. at 430, n.9 (quotations and citations omitted).  The Seventh Circuit recently explained that an illegal sentence within the context of Rule 35(a) is not a "judgment that rests on an error; it is a sentence that is ambiguous, inconsistent with the defendant's conviction, or otherwise defective." United States v. Boyd, 591 F.3d 953, 956 (7th Cir. 2010) (citations omitted).  In this case, Hanserd cannot show that his sentence was in excess of that provided by the relevant statutes, that multiple terms were imposed for the same offense, or that the terms of the sentence were legally or constitutionally invalid.

-3-

To the extent that Hanserd's Rule 35(a) motion is properly before this court, he is not entitled to relief. The Sixth Circuit has held that a defendant whose offenses "straddle" the effective date of the sentencing guidelines, in other words, whose criminal conduct begins and ends before and after November 1, 1987, may be sentenced according to the guidelines. United States v. Walton, 908 F.2d 1289, 1299-1300 (6th Cir. 1990). In this case, Hanserd pled guilty to conspiring to possess with the intent to distribute controlled substances for the period spanning from 1984 until his arrest in June, 1989. Accordingly, the district court properly sentenced him according to the guidelines, and his sentence was not erroneous or illegal.

To the extent that the motion could be construed to be a motion to vacate under 28 U.S.C. § 2255, the motion is time-barred. There is a one-year time limit for filing all petitions under § 2255. 28 U.S.C. § 2255(f). Ordinarily, the one-year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). For Hanserd, that period ended on July 28, 1995, or one year after his petition for a writ of certiorari was denied by the Supreme Court. See Clay v. United States, 537 U.S. 522, 527-28 (2003). Accordingly,

Petitioner's Rule 35(a) motion (Doc. 772) hereby is DENIED. To the extent the motion is construed as a § 2255 petition, it is DISMISSED as untimely.

SO ORDERED.

Dated: September 9, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-4-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 9, 2013, by electronic and/or ordinary mail and
also on Edward Hanserd #14178-039, FCI Victorville
Medium II, Federal Correctional Institution, P.O. Box 3850
Adelanto, CA  92301.


s/Barbara Radke
Deputy Clerk